## SYNOPSIS OF THE CASE

**2011 MT 270; DA 11-0240:** **LOREN and MARY HINEBAUCH**, husband and wife, and **GOOD THINGS, LLC**, Plaintiffs and Appellants, v. **DOUGLAS and KIM McRAE**, husband and wife, Defendants and Appellants.[1]

Loren and Mary Hinebauch and Good Things, LLC (Hinebauchs) sued Douglas and Kim McRae (McRaes) following a fire that destroyed their business, alleging breach of contract, unjust enrichment, and fraud. McRaes owned the building that burned. The parties disagreed on the terms of an oral agreement they entered with respect to the ownership and leasing of the commercial building, and about who was entitled to recover the insurance proceeds after the building was destroyed by fire. The District Court determined there was no evidence to establish that the McRaes agreed to obtain insurance for the building naming the Hinebauchs as an insured party. The court also said there was no enforceable agreement between the parties, and entered judgment for McRaes.

On appeal, the Hinebauchs argued that the District Court erred in resolving disputed issues of material fact regarding their breach of contract and unjust enrichment claims, and asked the Supreme Court to reverse and remand the matter for trial.

The Montana Supreme Court affirmed the result on different grounds. Section 28-2-903, MCA, known as the Statute of Frauds, requires any contract for the sale of real property, or the lease of real property for longer than one year, to be in writing in order to be enforceable. It is undisputed that the agreements here were not in writing. Consequently, the disputed oral agreement for sale or a five-year lease of the real property was unenforceable. The McRaes, as owners of the building, were entitled to the insurance proceeds, and the Hinebauchs had prior notice as to how the insurance would be paid. Moreover, the Hinebauchs failed to show misconduct or fault on the part of the McRaes, as is required in order to recover on a claim for unjust enrichment.

---

[1] This synopsis has been prepared for the convenience of the reader. It constitutes no part of the Opinion of the Court and may not be cited as precedent.